**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0199n.06
Filed: March 13, 2009

**No. 07-2220**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| EARL LEE SULLIVAN, | ) | |
| | ) | |
| Plaintiff-Appellant | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| R. KASAJARU, Dr.; RUTH INGRAM, | ) | EASTERN DISTRICT OF MICHIGAN |
| Health Care Unit Manager; J. NZUMS, R.N. | ) | |
| Nursing Supervisor; GEORGE | ) | |
| PRIMASTALLER, Chief Medical Officer, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before: SILER, COOK, and MCKEAGUE, Circuit Judges.

COOK, Circuit Judge. In this § 1983 case, pro se appellant Earl Sullivan alleges that Michigan Department of Corrections ("MDOC") medical officials and Dr. Radhika Kosaraju[1] (collectively, the "Defendants") acted with deliberate indifference toward his serious medical needs. Specifically, Sullivan claims that the Defendants denied him medication after he filed a grievance narrating blood-pressure problems and difficulty urinating. But because Sullivan failed to name the Defendants in his earlier grievance, the Defendants filed a motion to dismiss, arguing that Sullivan failed to exhaust his administrative remedies as required under then-binding Sixth Circuit law. *See,*

---

[1]Dr. Kosaraju's name is misspelled in the official case caption.

*e.g.*, *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003). The district court later denied the motion, citing an intervening Supreme Court case, *Jones v. Bock*, 549 U.S. 199 (2007), which rejected Sixth Circuit case law interpreting the Prison Litigation Reform Act as requiring a prisoner to identify "in the first step of the grievance process, each individual later named in the lawsuit to properly exhaust administrative remedies." *Id.* at 205 (citing *Burton*, 321 F.3d at 575). Notably, at the time the *Jones* prisoners filed their grievances, MDOC policy required *only* that they "be as specific as possible," and *not* that they "identify a particular responsible party." *Id.* at 218.

The Defendants moved for reconsideration, arguing that when Sullivan filed his grievance, MDOC policy explicitly required him to name each person against whom he grieved. *See* Policy Directive No. 03.02.130 (effective April 28, 2003). Citing the Supreme Court's ruling in *Woodford v. Ngo*, 548 U.S. 81 (2006), which held that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," *id.* at 90, the district court dismissed the case. *See also Jones*, 549 U.S. at 218 ("[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion"). We agree and thus affirm.