*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 11a0070p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

RICHARD CARLTON RISHER,

                *Plaintiff-Appellant,*

    *v.*

HARVEY LAPPIN, Director of the Bureau of
Prisons,

                *Defendant,*

NAHEM A. NAIMEY, FCI Memphis Clinical
Director, E. J. PRINCE, FCI Memphis Chief
Medical Officer, sued in their individual and
official capacities; JACK JOINER, FCI
Memphis Safety Manager, HECTOR FLORES,
the Facilities Manager, ROBERT COOK,
Construction Foreman for CMS at FCI
Memphis, KEITH HERNDON, General
Foreman for CMS at FCI Memphis, sued in
their individual capacities; CENTRAL
MAINTENANCE SERVICES AT FCI MEMPHIS,

                *Defendants-Appellees.*

No. 09-5370

>

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 08-02038—Samuel H. Mays, Jr., District Judge.

Argued: March 3, 2011

Decided and Filed: March 21, 2011

Before: MARTIN, BOGGS, and COOK, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Gene C. Schaerr, WINSTON & STRAWN LLP, Washington, D.C., for
Appellant. William W. Siler, ASSISTANT UNITED STATES ATTORNEY, Memphis,
Tennessee, for Appellees. **ON BRIEF:** Gene C. Schaerr, WINSTON & STRAWN

LLP, Washington, D.C., for Appellant.   William W. Siler, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellees.

———————————

**OPINION**

———————————

BOGGS, Circuit Judge.   Appellant Richard Risher, a federal prisoner, filed a *Bivens* action against employees of the Federal Correctional Institute in Memphis ("FCI-Memphis"), alleging that they violated his Eighth Amendment right to be free from cruel and unusual punishment through deliberate indifference to his medical needs.   He now challenges the district court's ruling that he failed to exhaust administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, and the resulting grant of summary judgment for defendants Dr. Nahem Naimey and Dr. E. J. Prince, doctors at FCI-Memphis.   Because Risher exhausted all available remedies as to the claim on appeal, we reverse and remand for further proceedings.

I

Risher, who is serving 169 months for bank robbery, resides in a housing unit for disabled inmates and walks with a cane.   On April 22, 2007, Risher fell while trying to navigate over a three-foot-deep construction trench that had been dug in front of his housing unit.   Risher alleges that he sustained injuries to his right knee, shoulder, and back.   He was taken to medical services, where a nurse ordered seven x-rays and issued him a wheelchair.   The next day, Risher was examined by Dr. Naimey, who cancelled all but one of the x-rays.   Two weeks later, Naimey ordered Risher to return the wheelchair.   Risher requested additional medical treatment, including an MRI of his back, pain medication, and a wheelchair or walker.   When these requests were denied, Risher filed a number of complaints and appeals with the Bureau of Prisons relating to his exposure to the construction site and his medical care.   The only complaint at issue

in this appeal is Claim #456509, in which Risher requested an MRI of his back and pain medication.[1]

The Bureau of Prisons has adopted an Administrative Remedy Program "to allow an inmate to seek formal review" of any issue relating to the inmate's confinement. 28 C.F.R. § 542.10(a). The Bureau's regulatory regime for prisoner grievances consists of four tiers: (1) seeking informal resolution with a staff member; (2) submitting a grievance to the Warden on a "BP-9" form; (3) appealing to the Regional Director on a "BP-10" form within 20 days of the date the Warden signed the response to the grievance; and (4) appealing to the General Counsel of the Central Office on a "BP-11" form within 30 days of the date the Regional Director signed the response to the appeal. *Id.* §§ 542.13–15. The BP-10 and BP-11 forms must be accompanied by a copy of the filings and responses from the previous levels. *Id.* § 542.15(b). At each level, the responsible administrator must respond to an inmate's request or appeal within a certain time period: the Warden within 20 days; the Regional Director within 30 days; and the General Counsel within 40 days. *Id.* § 542.18. If necessary, the time to respond may be extended by 20 days by the Warden, 30 days by the Regional Director, or 20 days by the General Counsel. *Ibid.* The regulations provide, in § 542.18, that "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Ibid.* Notably, although the time frame laid out in § 542.15 references the date the Warden or Regional Director *signed* a response as governing when an inmate's appeal to the next level is due, § 542.18 explains that an inmate's failure to actually *receive* the response may constitute a denial.

Risher's claim was correctly processed through three of the four tiers of the Program: he petitioned a prison staff member, submitted a BP-9 form to the Warden, and then submitted a BP-10 form to the Regional Director. The latter was received by

---

[1]In addition to Drs. Naimey and Prince, Risher initially named eight other employees and administrators of FCI-Memphis as defendants in his *Bivens* suit. The district court dismissed his claims against some of the defendants and granted summary judgment for the others on grounds of non-exhaustion. Risher did not appeal those orders.

the Regional Director's office on July 13, 2007. According to Risher's signed and sworn affidavit, he did not receive a response from the Regional Director by September 12, 2007—the time allotted for reply, including extension, under 28 C.F.R. § 542.18. Risher filed an appeal with the General Counsel on September 24, 2007, explaining, "The overdue date for Response to my BP-9 and BP-10 has expired and, again, there has been no answer." On September 26, 2007, the General Counsel's office rejected Risher's appeal because he failed to include copies of his appeal to the Regional Director and the Regional Director's response. The rejection notice indicated that Risher could resubmit his appeal within fifteen days and that the Regional Director had in fact responded to Risher's appeal on August 14, 2007.

Risher did not resubmit his appeal to the Central Office. He filed a *Bivens* action in federal district court on January 18, 2008. He contends, in an affidavit dated and notarized on July 24, 2008, that he did not receive the Regional Director's response to his appeal until April 7, 2008.[2] On March 9, 2009, the district court granted summary judgment for the defendants on the grounds that Risher had failed to exhaust his administrative remedies, as required by the PLRA. The court held that Risher should have sought a copy of the Regional Director's decision and resubmitted his appeal to the Central Office. Risher timely appealed.

II

Dismissal of a prisoner's civil rights claim for failure to exhaust administrative remedies is reviewed de novo. *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 993 (6th Cir. 2004). Non-exhaustion is an affirmative defense under the PLRA, with the burden of proof falling on the Bureau. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Napier v. Laurel Cnty., Ky.*, __F.3d__, 2011 WL 420503, at *5 (6th Cir. Feb. 9, 2011). Summary judgment is appropriate only if defendants establish the absence of a "genuine dispute as to any material fact" regarding non-exhaustion. *See* Fed. R. Civ. P. 56(a). When

---

[2]The district court improperly found that Risher provided no sworn testimony in support of his contention that he did not receive the Regional Director's denial letter until April 7, 2008. Our review of the record shows that Risher did submit a signed affidavit to that effect.

ruling on a motion for summary judgment, a court must consider the evidence "'in the light most favorable to the party opposing the motion.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986) (quoting *United States v. Diebold*, 369 U.S. 654, 655 (1962)).

The PLRA provides that a prisoner may not bring an action under federal law related to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To exhaust his administrative remedies, a prisoner must adhere to the institutional grievance policy, including any time limitations. *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006). This court requires an inmate to make "affirmative efforts to comply with the administrative procedures," and analyzes whether those "efforts to exhaust were sufficient under the circumstances." *Napier*, 2011 WL 420503, at *4 (internal quotation marks and citation omitted).

In this case, Risher did not attempt to bypass the administrative grievance process detailed above; he affirmatively endeavored to comply with it. The Bureau's failure to deliver the Regional Director's response to Risher, however, prevented him from submitting that response to the Central Office along with his BP-11 form. Risher nonetheless attempted to follow the Bureau's regulations by treating the Regional Director's failure to respond to his appeal as a denial, as he was instructed he could do by 28 C.F.R. § 542.18, and appealing that denial to the Central Office. Risher explained to the Central Office that he had received no response to his appeal at the third tier of review.

Under the circumstances, Risher's efforts were sufficient. It is well established that "administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance." *Boyd*, 380 F.3d at 996 (citing *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Foulk v. Charrier*, 262 F.3d 687, 698 (8th Cir. 2001); and *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999)).

Defendants argue that Risher could have located the Regional Director's response and resubmitted his appeal, given that the Central Office had allowed him an

extension of time in which to do so. But, though that might have been possible, we decline to impose requirements on Risher for exhaustion purposes that go beyond what was specifically required by the Bureau's grievance procedure. Risher was required to follow the regulations, and he did so. Because he did not "receive a response within the time allotted for reply" to his appeal to the Regional Director, he was entitled to "consider the absence of a response to be a denial at that level." *See* 28 C.F.R. § 542.18. Even though the Regional Director may have actually responded to Risher's appeal on August 14, 2007, the regulations state that Risher should have *received* that response within the allotted time, and Risher presented evidence in the form of a signed affidavit that he did not receive the response until months later. He was not required to make additional efforts beyond the scope of the Bureau's regulations simply because the Regional Director failed to supply him with a document, something it was obligated to do. *See ibid.* ("Staff shall respond in writing to all filed Requests or Appeals.").

In *Woodford*, the Supreme Court noted that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." 548 U.S. at 90–91. That case required an *inmate* to comply with agency deadlines and other "critical procedural rules" in order to properly exhaust administrative remedies. *Id.* at 95. When pro se inmates are required to follow agency procedures to the letter in order to preserve their federal claims, we see no reason to exempt the agency from similar compliance with its own rules.

III

Because Risher has presented evidence that his efforts to exhaust administrative remedies were sufficient under the circumstances, we REVERSE the district court's grant of summary judgment for defendants and remand for further proceedings.