NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 22, 2011[*]
Decided November 22, 2011

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-1403

| | |
|---|---|
| HENRY MOUNSON, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 08-cv-760-JPG-PMF |
| ROBERT FREY, et al., *Defendants-Appellees.* | J. Phil Gilbert, *Judge.* |

**O R D E R**

Henry Mounson, an inmate at Tamms Correctional Center in Illinois, appeals the grant of summary judgment against him in this action under 42 U.S.C. § 1983, claiming that prison administrators and health care employees violated his rights under the Eighth Amendment and the Rehabilitation Act. Because the district court properly concluded that Mounson failed to exhaust his administrative remedies, we affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Therefore the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Between 2005 and 2008, Mounson filed four grievances making various complaints about treatment, or lack thereof, for throat-related ailments. In two of the grievances, he complained that nurses ignored his requests for medication for his throat, refused to pick up his sick-call request slips, and cancelled his sick-call appointments. A third grievance stated that prison employees misdiagnosed him with throat cancer. In a fourth throat-related grievance, Mounson acknowledged having throat cancer but complained that he was denied pain medication for the side effects of radiation treatments he underwent. The Administrative Review Board denied all four grievances, concluding that the allegations of staff misconduct were unsubstantiated and that Mounson's medical needs were being addressed.

Mounson brought this § 1983 action, claiming that the defendants were deliberately indifferent to his serious medical needs during this time when they ignored his complaints of throat soreness or gave him only cold medicine to alleviate the pain, and—after his throat-cancer diagnosis in 2008—when they intentionally prevented him from receiving all 37 of his prescribed radiation treatments. Mounson also claimed that the defendants violated the Rehabilitation Act of 1973, 29 U.S.C. § 794, by preventing him from participating in therapy sessions.

At screening, 28 U.S.C. § 1915A, District Judge Herndon dismissed the Rehabilitation Act claim but found that Mounson's complaint adequately stated an Eighth Amendment claim by alleging that defendants prevented him from receiving all of his prescribed radiation treatments. Mounson later sought to amend his complaint to reinstate his Rehabilitation Act claim and add new defendants, but Judge Herndon denied the request.

District Judge Gilbert (to whom the case was reassigned) later adopted the recommendation of a magistrate judge to grant summary judgment for the defendants. Judge Gilbert found that Mounson had filed a number of grievances but all failed to meet the requirements of exhaustion. According to the district judge, the grievances all either preceded Mounson's radiation treatments, could not be reasonably construed to allege interference with his radiation treatments, or were filed after Mounson brought this lawsuit. *See* ILL. ADMIN. CODE tit. 20, § 504.810.

Mounson's brief on appeal is difficult to parse; he glosses over the district court's findings regarding exhaustion and instead introduces new claims, including intentional food poisoning. The state interjects that the judgment must be affirmed because, as the district judge found, Mounson failed to show that he exhausted his administrative remedies before bringing suit.

The state is correct. A prisoner must exhaust his administrative remedies before filing a civil suit in federal court, *see* 42 U.S.C. § 1997e(a), and to do so he must comply with a prison's rules for filing a grievance, *Jones v. Bock*, 549 U.S. 199, 218 (2007); *Maddox v. Love*, 655 F.3d 709, 720–21 (7th Cir. 2011); *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011); *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010). In Illinois, grievances must "contain factual details . . . including what happened, when, where, and the name of each person who is the subject of or otherwise involved in the complaint." ILL. ADMIN. CODE tit. 20, § 504.810. *See Maddox*, 655 F.3d at 721. Mounson's grievances, however, fail to assert facts substantiating his claim that the defendants interfered with his prescribed radiation treatments. His first two throat-related grievances assert that nurses did not adequately treat his throat pain but do not mention radiation treatments, and in fact predate his cancer diagnosis. His remaining two grievances allege a cancer misdiagnosis and side effects of radiation treatments, but again do not allege any interference with his course of treatment.

Mounson also asserts, in cursory fashion, that Judge Herndon abused his discretion by not allowing him to amend his complaint so that he could add defendants and seek reinstatement of his Rehabilitation Act claim. But as the judge explained, Mounson failed to suggest how the proposed new defendants may have been individually liable, nor did he explain why the Rehabilitation Act claim should be reinstated. The judge did not abuse his discretion. *Johnson v. Cypress Hill*, 641 F.3d 867, 871 (7th Cir. 2011).

Mounson also argues that Judge Herndon and the magistrate judge abused their discretion by denying his first two motions for appointment of counsel (a third motion was eventually granted). But Mounson had no right to court-appointed counsel for his civil suit, *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006), and the judge reasonably denied the motions after assessing Mounson's efforts to obtain counsel, the complexity of the claims, and his ability to litigate his claims, *see Romanelli*, 615 F.3d at 851–53; *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc).

Finally, Mounson asserts that the proceedings were not fair and impartial because the district judges and the magistrate judge were somehow biased against him. But Mounson fails to substantiate this claim beyond pointing to the adverse rulings, and "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," *Liteky v. United States*, 510 U.S. 540, 555 (1994); *Grove Fresh Distribs., Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 640 (7th Cir. 2002).

Accordingly, the judgment is AFFIRMED.