**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0213n.06

No. 10-2375

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Feb 23, 2012**

LEONARD GREEN, Clerk

TORAN V. PETERSON,                                    )
                                                      )
     Plaintiff-Appellant,                      )      ON APPEAL FROM THE
                                                      )      UNITED STATES DISTRICT
v.                                                    )      COURT FOR THE  WESTERN
                                                      )      DISTRICT OF MICHIGAN
UNKNOWN COOPER, et al.,                               )
                                                      )
     Defendants-Appellees.                     )
                                                      )

BEFORE:  SILER, ROGERS, and WHITE, Circuit Judges.

PER CURIAM.  Toran V. Peterson, a Michigan prisoner proceeding pro se, appeals the district court's grant of summary judgment to the defendants in this civil rights action, filed under 42 U.S.C. § 1983, on the ground that Peterson failed to properly exhaust his administrative remedies. For the reasons set forth below, we reverse in part and remand for further proceedings.

In 2009, Peterson filed an amended complaint against Michigan Department of Corrections (MDOC) Director Patricia Caruso, Ionia Maximum Correctional Facility (ICF) Warden Willie Smith, and several ICF staff members, raising Eighth Amendment and state-law tort claims.  Upon initial screening under the Prison Litigation Reform Act (PLRA), the district court dismissed most of the complaint for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915A(a), (b)(1).  The district court allowed Peterson to proceed with his Eighth Amendment claims against Resident Unit Officers Cooper and Patterson, Assistant Deputy Warden Huss, and Resident Unit Manager Embry, and his state law claims against Cooper and Patterson.

Those claims arise from an incident that occurred on August 22, 2006. Peterson alleges that, while removing his hand and ankle cuffs, Cooper and Patterson pulled his arms through the food slot in his cell door, causing him severe pain and injuring his right shoulder, and that Huss and Embry witnessed the incident but did not intervene. Peterson filed a timely Step I grievance against Cooper and an unnamed staff member, later identified as Patterson. After the Step I grievance was denied, Peterson requested the form needed to appeal his grievance to Step II. Records from the prison's grievance tracking system indicate that the Step II form was sent to Peterson on September 21, 2006, but he claims that he never received it. In written messages sent on September 21 and 25, 2006, Peterson told the grievance coordinator that he did not receive the Step II form. Both times, the grievance coordinator responded that the form was sent on September 21, 2006. Several months later, using a Step I form, Peterson sought to appeal the grievance to Step III. His appeal was not processed because he had not properly completed the first two steps of the grievance procedure.

Cooper was never served with the complaint. Patterson, Huss, and Embry moved for summary judgment, arguing that Peterson failed to properly exhaust his claims because he did not file a Step II grievance and did not file a grievance against Huss and Embry. Upon the recommendation of a magistrate judge, the district court granted summary judgment to the defendants on Peterson's federal claims, declined to exercise supplemental jurisdiction over Peterson's state law claims, and dismissed the action in its entirety. This appeal followed.

We review de novo a district court's dismissal of a prisoner's suit for failure to exhaust administrative remedies. *Risher v. Lappin*, 639 F.3d 236, 239 (6th Cir. 2011). "[F]ailure to exhaust administrative remedies under the PLRA is an affirmative defense that must be established by the defendants." *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011). Summary judgment

is appropriate if the defendants "establish the absence of a 'genuine dispute as to any material fact' regarding non-exhaustion." *Risher*, 639 F.3d at 240 (quoting Fed. R. Civ. P. 56(a)).

To satisfy the PLRA's exhaustion requirement, *see* 42 U.S.C. § 1997e(a), a prisoner must "complete the administrative review process in accordance with the applicable procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). When a prisoner makes affirmative efforts to comply with the administrative grievance process but does not succeed, we analyze "whether those 'efforts to exhaust were sufficient under the circumstances.'" *Risher*, 639 F.3d at 240 (quoting *Napier*, 636 F.3d at 224).

Under the circumstances, Peterson's efforts to exhaust were sufficient with regard to Cooper and Patterson, the two staff members identified in his Step I grievance. Peterson requested a Step II form on three occasions and informed the grievance coordinator that he did not receive the form that she sent on September 21, 2006, but she did not send him another copy. The defendants, relying on *Jones v. Smith*, 266 F.3d 399, 400 (6th Cir. 2001), argue that Peterson's failure to obtain the proper grievance form does not excuse the exhaustion requirement and that, to defeat their motion for summary judgment, Peterson was required to show that there was no other source for the form and that he attempted to file a grievance without the form. This reliance on *Jones*, which affirmed the sua sponte dismissal of a prisoner's complaint for failure to plead exhaustion, is misplaced. Since that case was decided, the Supreme Court has rejected this circuit's prior requirement that prisoners plead exhaustion in their complaints, *see Jones v. Bock*, 549 U.S. 199, 216 (2007), as well as the imposition of prerequisites to exhaustion that are not specified in the grievance procedure itself, *see id.* at 218-19.

The steps proposed by the defendants – that Peterson should have requested the form from another source or filed his appeal without the required form – are not found in, and in fact conflict with, the prison's grievance procedure. That procedure provides that, if a prisoner is dissatisfied with the Step I response, he should request an appeal form "from the Step I Grievance Coordinator within five business days after receiving the Step I response," and it requires prisoners to use the appropriate grievance form. MDOC Policy Directive 03.02.130(DD), (T). As in *Risher*, we decline to impose requirements on Peterson for exhaustion purposes beyond those that are required by the grievance procedure itself. *See Risher*, 639 F.3d at 240-41. Because Peterson presented evidence that he made a sufficient effort to exhaust his remedies against Cooper and Patterson, summary judgment was not proper as to those defendants.

Summary judgment was proper, however, as to Embry and Huss, who were not named in Peterson's Step I grievance or the Step III grievance that he attempted to file. The grievance procedure requires inmates to include the "[d]ates, times, places and names of all those involved in the issue being grieved." MDOC Policy Directive 03.02.130(T). Because Peterson failed to comply with this requirement, he did not properly exhaust his claims against Embry and Huss. *See Jones*, 549 U.S. at 218; *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009).

Accordingly, we affirm the district court's grant of summary judgment to Embry and Huss but reverse the grant of summary judgment to Cooper and Patterson and remand for further proceedings.