RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 12a0123p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

SAMUEL SURLES,

        *Plaintiff-Appellant,*

    *v.*

DONALD ANDISON, et al.,

        *Defendants-Appellees.*

No. 09-1825

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 07-13555—Gerald E. Rosen, District Judge.

Argued: March 9, 2012

Decided and Filed: May 8, 2012

Before: MOORE, SUTTON, and DONALD, Circuit Judges.

———————————

**COUNSEL**

**ARGUED:** Erica C. Lai, COVINGTON & BURLING LLP, Washington, D.C., for Appellant. Cori E. Barkman, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing, Michigan, for Appellees. **ON BRIEF:** Erica C. Lai, Michael L. Rosenthal, COVINGTON & BURLING LLP, Washington, D.C., for Appellant. Cori E. Barkman, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing, Michigan, for Appellees. Samuel Lewis Surles, Coldwater, Michigan, pro se.

———————————

**OPINION**

———————————

DONALD, Circuit Judge. Plaintiff-Appellant Samuel L. Surles is a Michigan prisoner who brought a § 1983 suit against several employees (collectively "Defendants") of a Michigan Department of Corrections ("MDOC") facility where he was housed. Before the commencement of discovery, Defendants filed motions for

1

summary judgment, which the district court granted on the grounds that Surles's claims were time-barred and that he failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"). Surles timely appealed. For the reasons that follow, we REVERSE and REMAND to the district court for further proceedings.

I.

On November 30, 2005, Surles, a state prisoner then housed at the Gus Harrison Correctional Facility, filed a pro se complaint under 42 U.S.C. § 1983, alleging that MDOC officials[1] confiscated his legal papers and computer disks on multiple occasions.[2] The district court issued an order directing Surles to show cause why the case should not be dismissed for failure to exhaust administrative remedies, and Surles responded with several documents he claimed showed that he had exhausted his remedies. The district court nonetheless dismissed Surles's case without prejudice, finding that he failed to file documentation indicating that he exhausted the administrative remedies available to him through the MDOC grievance process.[3] On August 23, 2007, Surles filed a motion for reconsideration, arguing that he had completed the MDOC grievance process. The district court denied the motion to reconsider, again noting that Surles had failed to include documentation that showed exhaustion.

---

[1] The named defendants to this suit were Officers D. Andison, R. Sands, Payne, C. Hemry, Dinius, David Dulworth, McMurti, Schmitz, Mitchell, Face, Hill, Krauss, and Thomas K. Bell.

[2] The complaint alleged that these incidents occurred on April 4, 2004; July 9, 2004; July 27, 2004; April 20, 2005; July 3, 2005; July 12, 2005; and July 29, 2005.

[3] The MDOC grievance process under Policy Directive 03.02.130 is as follows: First, a grievant must attempt to resolve the issue with the relevant MDOC official within two business days of becoming aware of the grievable issue. Within five business days of this attempt at resolution, the grievant must file a Step I grievance. If the grievant is not satisfied with the Step I response or does not receive a timely response, he may then file a Step II grievance appeal within five business days of either (1) the Step I response or (2) the day a Step I response was due. And if the grievant is dissatisfied with the Step II response or does not receive a timely Step II response, he may then file a Step III grievance with the Prison Affairs Section within ten business days of either (1) the Step II response or (2) the day the Step II response was due. Grievances alleging racial or ethnic discrimination, staff brutality, or corruption may be filed directly as Step III grievances.

Also on August 23, 2007, Surles filed another pro se § 1983 complaint against Defendants,[4] alleging that they had on many occasions confiscated his legal documents, damaged or destroyed legal and religious papers and property, taken actions to deprive him of access to the courts, violated his First Amendment rights, retaliated against him by filing false misconduct charges and transferring him to other prisons, and/or conspired against him to violate his rights.[5] To his complaint, Surles attached eight grievances that he filed between May 29, 2006, and June 28, 2006. The grievances related to incidents on January 16, 2004; March 29, 2004; April 11, 2004; July 7, 2004; July 17, 2004; September 10, 2004; April 4, 2005; and July 12, 2005. Each grievance had been pursued through Step III and denied as untimely. In these grievances, Surles made clear that he was re-filing them in order to exhaust his administrative remedies to correct the problem of his previous, dismissed case.

Prior to the commencement of discovery, Defendants filed motions for summary judgment. They alleged that Surles's claims should be dismissed because he failed to exhaust his administrative remedies and because certain claims were barred by the statute of limitations.[6] Surles also filed a motion for partial summary judgment as well as a motion for default judgment. The magistrate judge filed a report and recommendation to deny Surles's motions for default judgment and partial summary judgment and to grant Defendants' motions for summary judgment. The magistrate judge determined that the grievances Surles filed with his complaint did not demonstrate that he had exhausted his administrative remedies because the grievances were rejected as untimely at every step of the MDOC grievance process.

---

[4]The named defendants to this suit were the same as the previous case with the addition of F. Niedermeyer, D. Law, Bartlett, Rohly, Lash, Letson, Doug Vasbinder, G. Smoyer, Rick Cutrer, and Barry Davis.

[5]Surles alleged that these incidents occurred on the following dates: January 16, 2004; March 29, 2004; April 11, 2004; July 1, 2004; July 7, 2004; July 17, 2004; September 10, 2004; April 4, 2005; July 12, 2005; and October 20/21, 2005.

[6]The claims that Defendants insisted were barred by the statute of limitations were those based upon incidents that occurred prior to August 4, 2005, that were not raised in Surles's first complaint. The significance of this date is unclear. Surles filed his complaint on August 23, 2007, meaning the three-year threshold would be August 23, 2004.

The magistrate judge also concluded that some of Surles's claims were barred by the three-year state statute of limitations applicable to § 1983 claims. In particular, the magistrate judge declared that "the claims in plaintiff's complaint arising from events that occurred before August 23, 2004, and that were not raised in the companion case are barred by the statute of limitations."[7]

Surles timely filed objections to the magistrate judge's report and recommendation. He claimed that his attempts to exhaust his administrative remedies were thwarted by Officer Christine Hemry, who refused to process his grievances, placed him on modified access for three months, and interfered with his grievances. Surles also claimed that the Michigan statute of limitations did not apply while he was on modified access and prevented from filing grievances or requesting grievance appeal forms.

The district court adopted without further explanation the magistrate judge's report and recommendation over Surles's objection, denied Surles's motions for partial summary judgment and default judgment, granted Defendants' motions for summary judgment, and dismissed Surles's complaint with prejudice. Surles timely appealed. He insists the district court erred because Defendants had not met the standard for summary judgment. We agree.

II.

We review de novo a district court's decision to grant a motion for summary judgment. *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Dismissal of a prisoner's civil rights claim for failure to exhaust administrative remedies is also reviewed de novo." *Risher v. Lappin*, 639 F.3d 236, 239 (6th Cir. 2011).

---

[7]This affected claims arising from alleged incidents on January 16, 2004; March 29, 2004; April 11, 2004; July 1, 2004; July 7, 2004; and July 17, 2004.

A.

Under the PLRA, a prisoner may not bring a federal action related to prison conditions "until such administrative procedures as are available are exhausted." 42 U.S.C. § 1997e(a). A grievant must undertake all steps of the MDOC process for his grievance to be considered fully exhausted. *Jones Bey v. Johnson*, 407 F.3d 801, 803 n.2 (6th Cir. 2005) *rev'd on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007). A prisoner must adhere to any time limitations that are part of the institutional grievance policy. *Risher*, 639 F.3d at 240 (citing *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006)).

A prisoner's failure to exhaust his intra-prison administrative remedies prior to filing suit "is an affirmative defense under the PLRA[.] . . . [I]nmates are not required to specially plead or demonstrate exhaustion in their complaints." *Bock*, 549 U.S. at 216. Instead, the failure to exhaust "must be established by the defendants." *Napier v. Laurel County, Ky.*, 636 F.3d 218, 225 (6th Cir. 2011). Accordingly, Defendants bore the burden of proof on exhaustion.

Defendants moved for and were granted summary judgment. In cases where the party moving for summary judgment also bears the burden of persuasion at trial, the party's "initial summary judgment burden is 'higher in that it must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001) (quoting 11 James William Moore et al., Moore's Federal Practice § 56.13[1], at 56–138 (3d ed. 2000)). "Summary judgment is appropriate only if defendants establish the absence of a 'genuine dispute as to any material fact' regarding non-exhaustion." *Risher*, 639 F.3d at 240.

Defendants erroneously insist that they did not have to demonstrate exhaustion. They compare the exhaustion defense to qualified immunity, arguing that a defendant need only present facts that if true would support the affirmative defense; the ultimate burden of proof would fall on the plaintiff to show that a defendant was not entitled to qualified immunity or that the plaintiff had exhausted his administrative remedies. Defendants' position is contrary to the holdings of *Bock* and *Napier*. "Non-exhaustion

is an affirmative defense under the PLRA, *with the burden of proof falling on the* [*defendant.*]" *Risher*, 639 F.3d at 240 (emphasis added). A PLRA defendant bears the burden of proving that a PLRA plaintiff has not exhausted his administrative remedies.

The district court did not properly apply the *Bock* standard. Although the Report and Recommendation noted that Surles did not have a burden to attach the grievances to his complaint, it did not clarify that the burden of proving exhaustion still fell on Defendants nor determine whether Defendants met that standard. Instead, it concluded that Surles had not exhausted his administrative remedies because the grievances he supplied were untimely. An examination of the evidence presented on summary judgment confirms that Defendants did not show the absence of a genuine dispute of material fact as to Surles's exhaustion of administrative remedies. Therefore, the district court erred in granting summary judgment in favor of Defendants.

Because Defendants filed their summary judgment motions prior to discovery, the evidence available to support the motions was limited. The district court only considered the eight grievance forms Surles attached to his complaint and two exhibits Defendants attached to their first summary judgment motion—MDOC Policy Directive 03.02.130 (effective 12/19/2003)[8] and the affidavit of Richard Stapleton, the Administrator for MDOC's Office of Legal Affairs.[9] Defendants assert that they satisfied their burden regarding the exhaustion defense by demonstrating that Surles's previous lawsuit was dismissed for failure to exhaust and by showing that since the dismissal of that lawsuit, Surles has filed only untimely grievances related to his claims. Defendants' proposition is incorrect. Defendants had the burden of showing that Surles did not exhaust his administrative remedies on the claims raised in the second complaint, but the district court did not require Defendants to prove that Surles had not exhausted

---

[8]The document explained the administrative process Surles had to follow to exhaust his administrative remedies.

[9]Defendants included the Stapleton affidavit to show that Surles had filed only untimely grievances since the dismissal of his first § 1983 suit. In his affidavit, Stapleton explained that he had searched the MDOC database for Step III grievances filed by Surles. Stapleton found that since Surles's first lawsuit was dismissed, Surles had filed a total of eight grievances regarding the allegations forming the basis for the second suit that he appealed through Step III. Stapleton emphasized that each of these grievances was rejected as untimely.

his administrative remedies. Defendants' assertions as to how they met their burden are incorrect, and genuine disputes of material facts remain.

First, the dismissal of Surles's first complaint does not show that he failed to exhaust his administrative remedies. Instead, it demonstrates that Surles did not provide enough evidence to prove that he exhausted his administrative remedies for those claims. Surles's first complaint was dismissed prior to *Jones v. Bock*; thus, Surles bore the burden of proving exhaustion under our pre-*Jones* case law. That Surles did not meet his burden in the first case does not mean Defendants have met theirs here. Moreover, the incidents underlying Surles's first complaint are for the most part different from those in his second complaint. Even if the dismissal of the first complaint sufficed to show that Surles had not exhausted his administrative remedies for claims related to those incidents, that dismissal would not be dispositive of exhaustion on the incidents complained of in the second complaint that were not raised in the first.

Second, the evidence showed only that the eight grievances Surles filed through Step III between May 29 and June 28, 2006, were dismissed as untimely. In each of those grievances, however, Surles explained that he was *re-filing* the grievance to exhaust his administrative remedies in light of the district court's dismissal of his first suit. Likewise, the Step II response in several grievances told Surles that "[t]he matters you grieve have been *responded to in previously filed grievances regarding the same issue*." These statements suggest that Surles had previously filed or attempted to file grievances on these incidents. Defendants, though, did not offer proof that Surles had failed to exhaust the grievance process initially after the incidents. Surles claimed the eight grievances were re-filed in response to the dismissal of his first complaint. Stapleton's affidavit, which is the only relevant evidence Defendants offered on this issue, did not address whether Surles had exhausted or even attempted to exhaust his administrative remedies prior to filing the eight grievances he attached to his complaint. There is a fact question, then, as to whether Surles may have exhausted his remedies before his first complaint was dismissed.

Third, a dispute of material fact exists as to whether Defendants or other MDOC employees prevented Surles from filing grievances and exhausting his administrative remedies. In his opposition to the motion for summary judgment, Surles explained that when he "attempted to file a grievance to expose Defendants [sic] action of corruption etc., agent Christine Hemry refuse to file or process these grievances." Moreover, at the Step III stage of some of Surles's re-filed grievances, he alleged that Defendants denied him access to the courts as well as the ability to exhaust his administrative remedies. Defendants presented no proof that they did not interfere with Surles's ability to exhaust his administrative remedies.[10] Defendants only suggest that "the number of grievances filed [by Surles] as reflected in the grievance screen, actually demonstrates that despite any allegation of being prevented from utilizing the grievance system, that Surles was able to file grievances on a more than regular basis." But such an inference does not adequately show that MDOC employees did not interfere with Surles's ability to utilize the grievance process on certain occasions or as to particular claims. That Surles was able to file some grievances does not mean that he was able to file all relevant grievances or that he was not prevented from timely filing the grievances.

Defendants bore the burden of production and persuasion on the issue of exhaustion. They did not present evidence that shows the absence of a genuine dispute of fact as to whether Surles exhausted his administrative remedies. Therefore, Defendants were not entitled to summary judgment on the issue.

B.

Surles also argues that the district court erred in determining that some of his claims were barred by the statute of limitations. The district court found that all claims involving incidents prior to August 23, 2004, that were not raised in Surles's first § 1983 complaint were barred by the statute of limitations. Surles contends that the district

---

[10]This does not mean that a defendant must always show that he did not interfere with a plaintiff's ability to exhaust his administrative remedies. Only if the plaintiff contends that he was prevented from exhausting his remedies must the defendant present evidence showing that the plaintiff's ability to exhaust was not hindered.

court failed to consider that the statute of limitations was tolled while Surles exhausted his administrative remedies within the MDOC system.

The statute of limitations, like exhaustion of administrative remedies, is an affirmative defense. Fed. R. Civ. P. 8(c). As such, Defendants bore the ultimate burden of proof on that issue. *Fonseca v. Consolidated Rail Corp.*, 246 F.3d 585, 590 (6th Cir. 2001). A complaint is subject to dismissal without any further proof if "the allegations . . . show that relief is barred by the applicable statute of limitations." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Surles's complaint stated that he had filed and re-filed grievances with MDOC concerning the incidents at issue. The statute of limitations for claims subject to the PLRA is tolled while the plaintiff exhausts his required administrative remedies. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). Therefore, the limitation period would not run while Surles invoked the MDOC grievance process.

Defendants were required to show that Surles's claims were untimely even after tolling for the period during which Surles was exhausting his administrative remedies. As noted above, Defendants did not offer enough evidence to show the absence of a genuine dispute of fact as to whether Surles exhausted his administrative remedies. Consequently, a genuine dispute of fact exists as to how much time should be tolled while Surles was exhausting, or attempting to exhaust, his administrative remedies. Defendants did not meet the summary judgment standard of showing that there was no genuine dispute of fact and that they were entitled to judgment as a matter of law. Therefore, the district court erred in granting summary judgment in favor of Defendants on the statute of limitations issue.

## III.

For these reasons, genuine disputes of material fact existed and Defendants were not entitled to summary judgment. The district court's grant of summary judgment in favor of Defendants is reversed, and the case is remanded to the district court for further proceedings.