NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0614n.06

No. 11-1963

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Jun 13, 2012**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| KYLE WALTMEYER, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| J. S. WALTON, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

**BEFORE**:  **MARTIN and CLAY, Circuit Judges; HOOD, District Judge.**[*]

**PER CURIAM.**  Kyle Waltmeyer, a federal prisoner proceeding *pro se*, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.

Waltmeyer filed his § 2241 petition on October 12, 2010, claiming that a disciplinary hearing officer violated his due process rights in finding him guilty following a hearing.  The disciplinary hearing arose after a prison guard at the Leavenworth Prison Camp in Leavenworth, Kansas, discovered a mobile telephone in a garage with a telephone number linked to Waltmeyer.  The hearing officer determined that Waltmeyer had violated 28 C.F.R. § 541.3, Code 108, for possession of a hazardous tool.  The violation resulted in the following sanctions:  1) forty-one days loss of good conduct time; 2) sixty days of disciplinary segregation; 3) sixty days loss of commissary privileges; 4) sixty days loss of visiting privileges; 5) 180 days loss of telephone privileges; and 6) disciplinary transfer to a higher security level, which resulted in his transfer to the federal prison in Milan, Michigan.

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Waltmeyer appealed the hearing officer's decision to the appropriate Regional Director of the Bureau of Prisons. The Regional Director denied Waltmeyer's appeal and Waltmeyer appealed that decision to the Bureau's General Counsel, otherwise known as the Central Office. The Central Office did not respond to the appeal within the time specified by 28 C.F.R. § 542.18. Waltmeyer, in accordance with § 542.18, treated the absence of a response as a denial of his appeal and filed his § 2241 petition.

In his petition, Waltmeyer claimed that the hearing officer's decision was based on insufficient evidence and that his conduct constituted a less severe infraction. On December 16, 2010, two months after Waltmeyer had filed his petition in the district court, the Central Office responded to Waltmeyer's June 8, 2010, appeal and ordered the hearing officer to conduct a rehearing. The rehearing took place on January 26, 2011, and the hearing officer found Waltmeyer guilty of violating a different code with the same severity level as his original violation. The hearing officer assessed the same penalties that were assessed after Waltmeyer's first hearing.

After the rehearing, the government moved to hold briefing in abeyance or dismiss Waltmeyer's § 2241 petition without prejudice for failure to exhaust administrative remedies. The district court found that Waltmeyer had not administratively appealed the result of the rehearing and that an administrative remedy existed under 28 C.F.R. § 542.14. Thus, the district court dismissed Waltmeyer's § 2241 petition without prejudice so that he could exhaust his available administrative remedies. Waltmeyer timely appealed the district court's judgment, arguing that the district court erred by dismissing his petition for failure to exhaust administrative remedies and that the Bureau lacked authority to act beyond the sixty-day deadline for responding to his appeal.

We review the district court's judgment *de novo*. *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999). "Federal prisoners must exhaust their administrative remedies prior to filing a habeas petition under § 2241." *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006).

The General Counsel did not respond to Waltmeyer's appeal within the required time period. Waltmeyer was therefore entitled to "consider the absence of a response to be a denial," § 542.18, at the final level of administrative appeal process. Thus, when Waltmeyer filed his § 2241 petition,

he had exhausted his administrative remedies regarding the claims in his petition. *See Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011). Because Waltmeyer exhausted his administrative remedies with respect to the claims in his petition, the district court erred by dismissing the petition for failure to exhaust those remedies. *Id.* at 241.

Nevertheless, we affirm the dismissal of Waltmeyer's § 2241 petition on the alternative ground of mootness. *See Dixon v. Clem*, 492 F.3d 665, 673 (6th Cir. 2007). Although the parties and the district court did not address mootness, we may raise the issue *sua sponte* because it is a jurisdictional issue. *See Berger v. Cuyahoga Cnty. Bar Ass'n*, 983 F.2d 718, 721 (6th Cir. 1993). "The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *Wedgewood Ltd. P'ship I v. Twp. of Liberty*, 610 F.3d 340, 348 (6th Cir. 2010), *cert. denied*, 131 S. Ct. 1007 (2011) (citation and internal quotation marks omitted). Waltmeyer sought reinstatement of the good-time credits that he lost following the hearing officer's determination that he violated § 541.3, Code 108. He also requested that the incident report be expunged from his record and that he be transferred back to Leavenworth. The Central Office's remand to the hearing officer for a rehearing effectively vacated the first hearing. The hearing officer then reassessed the sanctions based on the officer's determination that Waltmeyer violated § 541.3, Code 199. Thus, even if we found that the first hearing violated Waltmeyer's due process rights, we would be unable to "grant the requested relief" because we would be vacating a decision that has already been administratively overturned. *Berger*, 983 F.2d at 724.

The district court's judgment is affirmed.