**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2149
_____

EARL SMITH,

Appellant

v.

PAUL K. LAGANA; T. DIGGS; LT. FOLEY; D. GRUNDY;
F. CROWELL; R. LARACUENTE; C. ZUNIGA

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 12-cv-00126)
District Judge:  Honorable William J. Martini

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 15, 2014
Before:  CHAGARES, GARTH and SLOVITER, Circuit Judges

(Opinion filed: July 21, 2014)
_____

OPINION
_____

PER CURIAM

Earl Smith appeals pro se from an order of the United States District Court for the

District of New Jersey granting the defendants' motion for summary judgment in this

civil rights action. For the following reasons, we will affirm in part, vacate in part, and remand the matter for further proceedings.

Smith filed a civil rights complaint in the New Jersey Superior Court, Law Division, against three Department of Corrections ("DOC") employees at Northern State Prison ("NSP") who allegedly engaged in a "pattern of retaliation and harassment." In particular, Smith alleged that the corrections officers interfered with his mail and his ability to file prison grievances, threatened him with physical harm, called him derogatory names, refused to collect his garbage, conducted unjustified searches of his cell and removed his property, spit into his food, and denied him a haircut and commissary items. The defendants removed the case to the District Court, where Smith filed an amended complaint in July 2012. The defendants filed a motion to dismiss or for summary judgment, arguing, inter alia, that Smith failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).[1] The District Court granted the motion for summary judgment, holding that "[w]hile [Smith] did file grievances, it appears that he

---

[1] The motion noted that it was not filed on behalf of the additional defendants who had been named in Smith's amended complaint because they had not been properly served. After the amended complaint was filed, the District Court directed that Smith be provided with, complete, and return "United States Marshal Form 285," which relates to service of process. See Thompson v. Maldonado, 309 F.3d 107, 109 n.2 (2d Cir. 2002) (stating that the "Clerk of the District Court . . . ordinarily provides this form to indigent plaintiffs upon the filing of a complaint. If properly filled out and returned, the form instructs the [Marshals Service] to serve process on the defendant."); see also Welch v. Folsom, 925 F.2d 666, 670 (3d Cir. 1991) (recognizing that plaintiffs proceeding in forma pauperis are entitled to rely upon service by the U.S. Marshals). Smith did not file the requested documents.

2

filed no grievances whatsoever regarding certain claims and further did not exhaust the full remedy system and file any appeal as to the responses received regarding the issues for which he did initially file grievance forms." Smith appealed.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Courts' orders granting summary judgment. See DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Kaucher v. Cnty. of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006).

Under the Prison Litigation Reform Act ("PLRA"), inmates must exhaust available administrative remedies before filing a suit alleging specific acts of unconstitutional conduct by prison officials. 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 83 (2006). A prisoner must exhaust these remedies "in the literal sense[;]" no further avenues in the prison's grievance process should be available. Spruill v. Gillis, 372 F.3d 218, 232 (3d Cir. 2004). "[I]t is the prison's requirements, and not the PLRA, that defines the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). In New Jersey, the Inmate Remedy System requires the submission of a "Routine

3

Inmate Request" and, if necessary, an "Administrative Appeal."[2] See N.J. Admin. Code § 10A:1-4.4.

In their brief in support of the motion for summary judgment, the defendants argued that Smith failed to exhaust his administrative remedies. See Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002) (holding that exhaustion requirement in § 1997e(a) is an affirmative defense that may be waived or forfeited). The defendants indicated that a search of NSP records revealed that Smith had submitted several Inmate Remedy System Form ("IRSF") requests between October 2011 and May 2012. Those requests were denied and, according to an affidavit of the NSP Inmate Request Coordinator, Smith failed to appeal from any of the responses. See N.J. Admin. Code § 10A:1-4.6(b) (providing that an "Administrative Appeal" must be submitted by the inmate . . . within 10 calendar days from the issuance of the [initial] decision.").

In response, Smith essentially conceded that he failed to exhaust his administrative remedies, but alleged that prison officials "interfere[d] or stop[ped] IRSF's processing procedures." We have held that when prison officials thwart an inmate from utilizing his administrative remedies, those remedies are "unavailable" for purposes of exhaustion. Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002). Smith claimed that "when a prisoner gives a[n] IRSF to a prison guard complaining of misconduct, the IRSF is ripped up,

---

[2] These requirements also appear in the NSP Inmate Handbook. See Concepcion v. Morton, 306 F.3d 1347, 1355-55 (3d Cir. 2002) (holding that the PLRA's exhaustion requirement applies to the grievance procedures set forth in an inmate handbook).

4

thrown away, or lost." See Pl.'s Br. in Opp'n, 1 n.2 (Dist. Ct. Doc. No. 51, pp. 7 of 28). According to Smith, he completed numerous IRSFs in 2011 and 2012, which he submitted to "prison guards, social workers, [and] inmate paralegals" for placement in the "IRSF Box." Id. at 3 (Dist. Ct. Doc. No. 51, p. 9 of 28). Smith also asserted that he "directly mailed [complaints] through interoffice mail" to the NSP Administrator and the Inmate Request Coordinator. Id. In support of his allegations, Smith provided copies of IRSF requests that he asserted were properly submitted but never processed or returned to him. Id. at Exs. E4, E5, and E6 (Dist. Ct. Doc. No. 51-2, pp. 3-5 of 34). He also included letters that he wrote to prison officials complaining of failures to respond to his grievances and appeals, as well as officials' responses to his complaints. Id. at Exs. E9, F1, F2, F3 (Dist. Ct. Doc. No. 51-2, pp. 10-17 of 34); Exs. E12, E13, E16, (Dist. Ct. Doc. No. 51-2, pp. 6, 7, 18 of 34).

The defendants raised no objection to these documents, but did address Smith's allegations that he was prevented from filing grievances and appeals. In particular, the defendants responded to a claim, made in Smith's Amended Complaint, that Defendant Diggs "ripped up [Smith's] outgoing mail and [an] administrative remedy form" in October 2011. The defendants argued that even if the allegations about Defendant Diggs were true, Smith could have submitted his grievances and appeals when Defendant Diggs was not working. This interpretation of Smith's allegations, which the District Court adopted, is too narrowly focused on Defendant Diggs' alleged role. In his opposition to the defendants' motion for summary judgment, Smith did not limit his claims of

5

interference to Defendant Diggs, but instead asserted that there is a "NSP culture of not processing, nor responding to IRSF[] complaints against correctional guards."

In sum, we conclude that Smiths' allegations concerning the unavailability of the grievance process, coupled with uncontroverted evidence of his efforts to exhaust administrative remedies, raised a genuine issue of material fact which should have precluded entry of summary judgment in favor of the defendants.[3] See Surles v. Andison, 678 F.3d 452, 457-58 (6th Cir. 2012) (holding that summary judgment was improper where genuine issues of material fact existed as to whether prison officials prevented inmate from filing grievances). We note, however, that the defendants properly argued that although Smith submitted additional IRSF complaints in July 2012, he did not receive responses to those initial grievances before filing his amended complaint on July 19, 2012. Indeed, Smith filed his amended complaint prior to the expiration of the 30-day period within which correctional staff may review and respond to initial grievances. See N.J. Admin. Code §10A:1-4.5(e). Therefore, as to the claims related to the IRSFs that were submitted in July 2012, we will affirm the District Court's grant of summary judgment. See Small v. Camden Cnty., 728 F.3d 265, 273 (3d Cir. 2013) (holding that the PLRA "mandates that prisoners exhaust internal prison grievance procedures before filing suit." (emphasis added)). Accordingly, we will affirm in part,

_____

[3] Although courts may resolve factual disputes on questions of exhaustion, see Small, 728 F.3d at 271, the District Court erred to the extent that it concluded that Smith's allegations were not credible. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (holding that credibility determinations should not be resolved at the summary judgment stage).

vacate the District Court's judgment in part, and remand for further proceedings consistent with this opinion.