FILED
United States Court of Appeals
Tenth Circuit

May 30, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BEAUX GORDON SINES,

               Petitioner-Appellant,

v.

ED CALEY, Warden, Trinidad
Correctional Facility,

               Respondent,

and

UNITED STATES OF AMERICA,

               Interested Party-Appellee.

No. 13-1489
(D.C. No. 1:13-CV-01230-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

Beaux Gordon Sines, a Colorado state prisoner appearing pro se, appeals the

district court order dismissing his 28 U.S.C. § 2241 petition for writ of habeas

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

corpus.  Mr. Sines' § 2241 petition challenged the legality of a federal detainer lodged by the United States Marshals Service (USMS) with the Colorado Department of Corrections (CDOC), as well as the Bureau of Prisons' (BOP) computation of his federal sentence.  The district court dismissed the petition without prejudice so that Mr. Sines could exhaust his administrative remedies.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Mr. Sines pleaded guilty in 2007 to possession of a stolen firearm in violation of 18 U.S.C. § 922(j) and was sentenced to eighty-four months' imprisonment, followed by three years of supervised release.  In May 2012, while on supervised release, Mr. Sines pleaded guilty in Colorado state court to unlawful possession of controlled substances and was sentenced to seven years' imprisonment.  Because Mr. Sines violated the conditions of his federal supervised release, the district court sentenced him in January 2013, to twenty-four months' imprisonment, to be served concurrently with his Colorado sentence.  Two days later, the USMS lodged with the CDOC a detainer based on the supervised-release sentence, directing it to notify the USMS before releasing Mr. Sines from state custody.  Mr. Sines' supervised-release sentence is projected to expire in October 2014.

In his § 2241 petition, Mr. Sines claims that the USMS lodged an unlawful detainer.  He also claims that the BOP failed to award him pre-sentence confinement credit toward the supervised-release sentence based on time in state custody from October 2011 to July 2012, when he was unable to bond out because of a federal

hold, as well as his time in federal pre-trial custody from July 2012 to January 2013. The district court ruled that Mr. Sines failed to exhaust his BOP administrative remedies.

The BOP administrative remedies apply to inmates incarcerated in BOP facilities as well as to "former inmates for issues that arose during their confinement." 28 C.F.R. § 542.10(b). The Attorney General, through the BOP, computes any credit due for prior incarceration under 18 U.S.C. § 3585(b). *See United States v. Wilson*, 503 U.S. 329, 334 (1992). "Federal regulations have afforded prisoners administrative review of the computation of their credits, *see* 28 C.F.R. §§ 542.10-542.16 (1990); and prisoners [are] able to seek judicial review of these computations after exhausting their administrative remedies. . . ." *Id*. at 335 (citations omitted). Part of the prior-custody credit Mr. Sines seeks is based on the time he was in pre-trial custody in a BOP facility from July 2012 to January 2013. Thus, the BOP administrative remedies apply to at least that portion of his credit-computation § 2241 claim.

Mr. Sines properly initiated his claims through the BOP administrative process by submitting them to the BOP's Designation and Sentence Computation Center (the "DSCC"). He did not, however, appeal the DSCC's denial of his claims to the BOP Office of General Counsel, as required by 28 C.F.R. § 542.14(d)(5). Rather, he mistakenly filed his appeal with the U.S. Attorney General. The district court ruled that his administrative remedies were still available because the United States

represented in its response brief that Mr. Sines could re-file his claims with the DSCC and, if necessary, could file an appeal with the BOP Office of General Counsel. *See* Aplt. App., Vol. 1, at 122 and n.1, 215. Mr. Sines moved for reconsideration of the dismissal under Fed. R. Civ. P. 59(e), which the district court denied.

Mr. Sines appealed, and filed a Combined Opening Brief and Application for Certificate of Appealability (COA).[1] A COA is not required however, because Mr. Sines is challenging his federal detention—that is, the federal detainer and the computation of his federal supervised-release sentence—not his state detention. *See* 28 U.S.C. § 2253(c)(1) (requiring a COA to appeal from habeas proceeding when "the detention complained of arises out of process issued by a State court," or the proceeding was pursuant to § 2255); *see also Montez v. McKinna*, 208 F.3d 862, 867 and n.6 (10th Cir. 2000) (holding that "[§] 2253 clearly does not encompass challenges to federal detention under § 2241," (internal quotation marks omitted), and that "a state prisoner seeking to challenge a detainer filed by a federal agency does not need to file a COA to proceed on appeal.").

---

[1] We deny Mr. Sines' two motions to supplement the record on appeal with correspondence relating to his post-judgment attempts to exhaust his administrative remedies. We will not consider these documents on appeal because they were not presented to the district court, and, indeed could not have been because they post-date its judgment. *See United States v. Kennedy*, 225 F.3d 1187, 1191 (10th Cir. 2000) ("This court will not consider material outside the record before the district court.").

"We review the district court's dismissal of a § 2241 habeas petition de novo." *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) (internal quotation marks omitted). "The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief, although we [have] recognize[d] that the statute itself does not expressly contain such a requirement." *Id*. "A narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *Id*. We have also held that when "prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust." *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010).

On appeal, Mr. Sines argues the district court erred in dismissing for failure to exhaust because he made a good-faith attempt to comply with the BOP administrative remedies procedure and asked the BOP how to appeal its denial of his claim, but it never told him he needed to appeal to the BOP Office of General Counsel. Even if this were sufficient to establish that the BOP thwarted or hindered Mr. Sines' ability to exhaust—and we express no opinion on that issue—Mr. Sines *still* has an available administrative remedy, because the United States has represented that Mr. Sines may re-file his claims with the DSCC and, if necessary, file an appeal with the BOP Office of General Counsel. Mr. Sines argues that no purpose would be served by requiring him to exhaust his available remedies because the full factual record is

before the court. But he has presented no evidence that administrative relief is foreclosed, and we conclude he has not demonstrated futility.

Next, Mr. Sines argues the district court abused its discretion in dismissing his entire § 2241 petition. He argues, as he did in his Rule 59(e) motion, that he did not have an administrative remedy with the BOP to challenge the detainer or the denial of credit for his time in state custody, and therefore, the district court should not have dismissed those claims. The district court denied his motion, concluding that the purposes of exhaustion would be met by requiring Mr. Sines to raise all of his prior-custody credit claims with the BOP; that Mr. Sines would not be prejudiced by exhausting the unexhausted claim before disposition of the exhausted claims; and that judicial economy would not be served by allowing him to bifurcate his claims into separate habeas proceedings. We find no abuse of discretion. *See Rhines v. Weber*, 544 U.S. 269, 276-79 (2005) (holding that district court has discretion to determine how to proceed with a mixed habeas petition of exhausted and unexhausted claims). Further, Mr. Sines waived his argument that he should have been permitted to file an amended petition that omitted the unexhausted claims (which would have been his third amendment), because he failed to raise this argument in the district court.

None of Mr. Sines' remaining arguments has merit. The district court correctly required Mr. Sines to name his CDOC warden as the respondent in his § 2241 petition. *See* 28 U.S.C. § 2242 (providing that a habeas petitioner shall name as respondent "the person who has custody over him"); *id*. § 2243 ("The writ . . .

- 6 -

shall be directed to the person having custody of the person detained.").  The district court did not contravene Fed. R. Civ. P. 72 when it dismissed the § 2241 petition before the magistrate judge made a recommendation or ruled on Mr. Sines' pending objections.  Mr. Sines filed with the magistrate judge objections to the government's response, to the government's sur-reply and to the order permitting the government to file the sur-reply.  The district court's dismissal order both implicitly and expressly rejected these objections.  *See Hill v. SmithKline Beecham Corp*., 393 F.3d 1111, 1116 (10th Cir. 2004) (holding that a district court's entry of judgment without expressly ruling on an objection is tantamount to a denial or rejection of those arguments when there is no basis to conclude the court did not consider the objections).  Further, the exhaustion issue was never referred to the magistrate judge for a recommendation.  Finally, there is no merit to Mr. Sines' assertion that the district court unreasonably delayed in ruling on his petition; it ruled six months after the petition was first filed and three months after Mr. Sines filed his second amended petition.

We deny Mr. Sines' motions to supplement the record on appeal, and grant his request to proceed *in forma pauperis*.  The judgment of the district court is affirmed.

Entered for the Court

Jerome A. Holmes
Circuit Judge