FILED
United States Court of Appeals
Tenth Circuit

October 30, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DANIEL ACOSTA,

　　　　　Petitioner-Appellant,

v.

CHARLES DANIELS, Warden,

　　　　　Respondent-Appellee.

No. 14-1193
(D. of Colo.)
(D.C. No. 1:13-CV-03070-LTB)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.[**]

　　　Daniel Acosta, a federal prisoner proceeding *pro se*, appeals the district court's dismissal of his application for a writ of habeas corpus under 28 U.S.C. § 2241 for failing to exhaust his administrative remedies. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we find Acosta properly exhausted the available administrative remedies prior to seeking habeas relief.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Accordingly, we REMAND to the district court for additional proceedings consistent with this order. We also GRANT Acosta's application to proceed *in forma pauperis* (IFP) on appeal.

## I. Background

Acosta is currently confined at the United States Penitentiary in Florence, Colorado, serving 222 months for federal drug crimes. While previously incarcerated at a federal prison in Three Rivers, Texas, on the same charges, Acosta was disciplined by a Discipline Hearing Officer (DHO) for his role in a 2012 prison brawl. As punishment for his conduct, Acosta forfeited over sixty days of good conduct time and lost numerous other inmate privileges.

Following these sanctions, Acosta diligently sought reconsideration through the Bureau of Prisons (BOP) internal disciplinary review process. He filed a timely administrative appeal with the BOP Regional Office, which the Regional Office denied. Then, he sought terminal review with the BOP Central Office. The Central Office rejected this appeal in December 2012, finding several procedural errors, including that the appeal was untimely, and advising Acosta that he could resubmit his appeal within fifteen days of the notice of rejection. In addition, the BOP asked that he explain why the untimeliness of the appeal was not his fault. According to Acosta, however, he never received this rejection letter, likely because he was transferred from the prison facility in Texas to one in Oklahoma on the date the letter was supposedly sent. With no response from the

-2-

BOP, Acosta pursued habeas relief in the district court, filing his timely petition in November 2013.

After filing the petition, a magistrate judge requested additional briefing from both parties on the extent to which Acosta utilized available administrative remedies. Through this briefing, the BOP conceded that it was "likely that Petitioner did not receive timely notice of the rejection" from the Central Office. App. at 251. The BOP could not confirm the letter's transmission or its receipt by Acosta, which effectively precluded it from dispositively alleging Acosta's failure to exhaust as an affirmative defense.

As a result of the government's misstep, an attorney for the BOP offered Acosta an opportunity to resubmit his Central Office appeal in early April 2014 during ongoing habeas proceedings. Although the record is unclear on this point, the government suggests that Acosta declined this opportunity, electing to continue his pursuit of habeas relief instead.

Finding that Acosta's failure to accept the chance to refile his Central Office appeal constituted a rejection of an available administrative remedy, the district court found that he had failed to exhaust and dismissed the habeas petition without prejudice.

## II. Analysis

We review the legal elements of the district court's dismissal of a § 2241 habeas petition de novo. *Palma–Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir.

2012).  Any factual findings are reviewed for clear error.  *Id.*  Furthermore, we must construe Acosta's habeas petition, appellate briefs, and other filings liberally.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed." (internal quotation marks and citation omitted)).

As a prerequisite for filing a federal habeas petition under 28 U.S.C. § 2241, a prisoner must exhaust all available administrative remedies.  *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010).  "[E]xhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)."  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (internal quotation marks and citations omitted).  Based on the BOP's administrative remedy protocol, a prisoner must first seek informal redress for his grievance and then he can proceed through the formal administrative appeal process, which includes, in sequence, institutional, regional, and national (central) levels of review.  *See* 28 C.F.R. §§ 542.13–.19.  Where, as here, the inmate challenges an initial determination made by a DHO, he can skip the institutional tier and submit his appeal directly to the Regional Office.  *Id.* § 542.14(d)(2).

A failure to pursue any level of review generally bars a federal court from considering a § 2241 application.  *Garza*, 596 F.3d at 1203–04.  But "if the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that

level." 28 C.F.R. § 542.18. And where the prisoner proves that exhaustion would be futile, a failure to complete each step of the administrative review process will not necessarily preclude the prisoner's habeas petition. *Garza*, 596 F.3d at 1203.

As we explained above, Acosta properly pursued administrative recourse first with the Regional Office and then with the Central Office. Due to his inter-prison transfer, Acosta attests that he never received the letter from the Central Office asking that he correct or respond to certain procedural faults and resubmit his appeal.[1] Importantly, the BOP concedes that Acosta did not receive the letter in a timely fashion. And based on the plain language of the regulations, the fact that he never received it within the allotted time is equivalent to a denial at that level. 28 C.F.R. § 542.18. Because the Central Office review was the final administrative step preventing Acosta's entry into federal court through a habeas action, he was entitled to file his § 2241 petition once his Central Office appeal was deemed denied based on a lack of response. *See Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011).

The burden was on the government to prove the affirmative defense of exhaustion. *Jones v. Bock*, 549 U.S. 199 (2007); *see also Garza*, 596 F.3d at

---

[1] The government concedes that it has no evidence to support an argument that Acosta's initial administrative appeal to the Central Office was actually late. Aple. Br. at 5. Thus, the alleged untimeliness of the Central Office appeal, which Acosta disputes, is not an alternative grounds supporting Acosta's failure to *properly* exhaust available administrative remedies. *Cf. Woodford*, 548 U.S. at 92.

1205. It was only at the magistrate judge's direction during habeas proceedings that the government sought to defend with a failure-to-exhaust argument in the first place. The problem, however, was that the government had no evidence to support its claim that Acosta had not pursued all available administrative avenues. After recognizing that Acosta may not have received the decision on his appeal to the Central Office, an attorney for the BOP constructively offered an additional remedy; namely, a refiling of his final-level appeal.[2] But this *post hoc*—and, post-habeas filing—remedy is insufficient to overcome the plain language of the applicable regulations, which describe the steps a prisoner must take before he is entitled to file in federal court. Acosta completed each of those steps and is thus entitled to bring his § 2241 petition regardless of the extra-regulatory remedies that the BOP offered up.

Admittedly, we are concerned about a rule that would suspend ongoing habeas proceedings any time the BOP offers previously unavailable

[2] We acknowledge the BOP has recognized its role in Acosta's alleged technical failure to exhaust his administrative remedies and sought to make amends. For this reason, we do not see this as an instance of prison officials affirmatively preventing or hindering Acosta's attempts to comply with the exhaustion requirements. *See Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010). Rather, the record reveals the situation for what it is: a transmission error resulting in a failure to communicate the BOP's decision on Acosta's appeal. And while the better course might be to allow the BOP to correct any errors internally before the matter is litigated in federal court, *see Woodford*, 548 U.S. at 90 (describing purposes of the exhaustion requirement), we see no reason to bar Acosta from meaningful review of his habeas petition as he has complied with the available administrative grievance procedures provided by the BOP.

administrative review during the course of federal court litigation. On the other hand, exhaustion is a valuable tool to make sure prisoner and government have the opportunity to resolve disputes absent federal court intervention. Had the offer for an out-of-time appeal been extended earlier, our decision would likely be different.

But in this case, the plain language of § 542.18 speaks for itself. In addition, we have also previously found that the government's failure to timely respond to a step in the BOP grievance procedure means the prisoner has successfully completed that step. *See Whitington v. Ortiz*, 472 F.3d 804, 807–08 (10th Cir. 2007); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002); *see also Fazzini v. NE Ohio Corr. Ctr.*, 473 F.3d 229, 234 (6th Cir. 2006). Neither the government nor the district court pointed to a case in which a belated substitute opportunity to participate in the administrative review process can overcome the prisoner's entitlement to pursue a previously filed (and timely) habeas petition in federal court under the applicable regulations and case law.

Moreover, our own research has resulted in nothing authoritative that would require Acosta to participate in the delayed opportunity to resubmit his appeal. In *Sines v. Caley*, 563 F. App'x 631 (10th Cir. 2014), however, we indicated that the government's representation in briefing that the petitioner could re-file a grievance was sufficient as an available administrative remedy. *Id.* at 633. But in that case, the petitioner had not followed the available BOP

procedures because he submitted his final-tier appeal to the U.S. Attorney General instead of the Central Office. *Id.* at 632–33 (finding that the petitioner's "good faith" efforts to pursue administrative remedies were insufficient for exhaustion). In this case, by contrast, Acosta did in fact exhaust his administrative remedies by operation of the applicable regulations. Nor are we satisfied that the opportunity to resubmit the Central Office appeal is still on the table as of this appeal. Consequently, we see no reason to disallow Acosta's pursuit of habeas relief on exhaustion grounds.

In short, we hold that the district court erroneously dismissed Acosta's petition for failing to exhaust his administrative remedies.

## III. Conclusion

For the foregoing reasons, we REVERSE the district court's dismissal of Acosta's habeas claim and REMAND for further proceedings in light of the result here. For obvious reasons, we find that the appeal was taken in good faith and was not frivolous. We therefore GRANT Acosta's motion to proceed IFP.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge